## TOM MACALEB v. THE STATE.

No. 11731. Delivered January 9, 1929.

The opinion states the case.

*J. L. Darrouzet* of Galveston for appellant. On negativing the exemptions in a statute in the state's pleadings, appellant cites: Odam v. State, 194 S. W. 829.

*O. D. Barker* of Galveston and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for violation of the child labor law; punishment, a fine of $25.00.

The opinion handed down in this case on November 14, 1928, was based on a misconception, and is withdrawn.

The statute, for a violation of which this conviction was had, is contained in Chap. 4, Title 18 of the Penal Code. It was alleged in the affidavit and information that appellant employed a child, naming her, in a factory or workshop in Galveston county, said child being at the time but eleven years old. Motion to quash the complaint and information was overruled. Said motion was based in part on the failure of said pleading to negative the exceptions contained in the statute penalizing the act of appellant. In Art. 1573 P. C., it is forbidden that any person shall employ a child under the age of fifteen years in any factory, mill, workshop, etc., "except as hereinafter provided," and it is provided in the same article further on that nothing in the act should be construed as affecting the employment of children on farms, ranches, dairies, or other agricultural or stock raising pursuits. This would seem, under all our authorities, to require that the complaint and information, or indictment, as the case might be, should negative the fact that the factory, etc., where such child was employed was one which was a part of the work of any farm, ranch, dairy, agricultural or stock raising pursuit.

It is also suggested in this connection,—while not applicable in the instant case because of the fact that the child here mentioned was specifically alleged to be but eleven years of age, and hence too young to get a permit under the provisions of Art. 1577 of said Chapter,— that in the case of a prosecution of one for employing a child over the age of twelve years in any of the forbidden occupations, the State's pleading should further negative the fact that any permit in accordance with law, had been issued to permit such child to enter such employment.

For its failure to negative the exceptions contained in Art. 1573, supra, the complaint and information in this case were fatally defective. The motion to quash should have been sustained.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*